IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
John E. Triplett, Acting Clerk
United States District Court

*By CAsbell at 4:01 pm, Nov 18, 2020*

ABRAHAM JUDAH MYTON,

    Plaintiff,

v.

JAMES DEAL, et al.,

    Defendants.

CIVIL ACTION NO.: 6:19-cv-32

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1. All claims against Defendant James Deal;

2. All claims against Defendant Brian Adams;

3. All claims against Defendant Bonnie Dasher;

4. All claims against Defendant Arianna Bruce;

5. All claims against "COII Hamilton" and "COII Ellis"; and

6. All claims for monetary damages against Defendants sued in their official capacities.

However, I **FIND** that some of Plaintiff's claims may proceed.  Specifically, the Court will direct service, by separate Order, of Plaintiff's deliberate indifference to medical treatment and safety claims against Defendant Terry Moye and Defendant Michael Goette.

## PLAINTIFF'S CLAIMS[1]

Plaintiff asserts another inmate entered his cell and attempted to steal his belongings while brandishing a weapon. Doc. 1 at 5. Plaintiff states he was then lured into another cell, and other inmates attacked him. Id. at 6. Plaintiff states he was held hostage in his cell after being attacked. Id. Plaintiff asserts he tended to his own injuries during this time while he was profusely bleeding. Id. Prison staff then took Plaintiff to the hospital. Id. at 8. Plaintiff states he suffered skull fractures and was partially paralyzed on half of his face. Id. at 8.

Plaintiff alleges Defendant James Deal, as Warden of Georgia State Prison, failed to provide adequate security and created an unsafe environment by understaffing the prison and not training prison employees. Id. at 9. Plaintiff claims Defendant Deal "failed to do his official duties by not noticing that I was missing from the dormitory" when he inspected Plaintiff's cell. Id. Plaintiff claims Defendant Brian Adams, as Deputy Warden of Georgia State Prison, also failed to provide adequate security and created an unsafe environment by understaffing and undertraining. Id.

Plaintiff asserts he asked Defendant Terry Moye to place him in a different dorm on multiple occasions because of unsafe conditions. Id. at 10. Plaintiff states he approached Defendant Michael Goette while he was held hostage and injured, but Defendant Goette ordered him to go back in his cell. Id. Plaintiff claims Defendants Bonnie Dasher and Arianna Bruce failed to notice his absence from his prison job "on at least 5 different occasions" and failed to notice his severe injuries during multiple dorm rounds. Id. at 11. Plaintiff claims all Defendants demonstrated deliberate indifference to his safety and medical needs under the Eighth

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Amendment.  Doc. 1.  Plaintiff sues all Defendants in both their individual and official capacities.  Id. at 11.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

**DISCUSSION**

**I.     Defendants Deal, Adams, Dasher, and Bruce**

"To establish a § 1983 claim for deliberate indifference, a plaintiff must show '(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'"  Marbury v. Warden, 936 F.3d 1227, 1233 (11th Cir. 2019) (quoting Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016)).  The second element "has both a subjective and objective component."  Id.  In other words, the prison official must both be aware of facts that could create a substantial risk of serious harm and draw an inference from those facts that the particular inmate is at risk.  Id.  For this reason, a mere "negligent failure to protect an inmate from attack" is insufficient to impose § 1983 liability on a prison official.  Id. at 1238.

Plaintiff does not state sufficient facts to establish Defendants Deal, Adams, Dasher, and Bruce were more than negligent.  Plaintiff only alleges Defendant Deal inspected his cell on one occasion and failed to notice he was not present.  Doc. 1 at 9.  Plaintiff does not state Defendant Deal had some other reason to know Plaintiff was at substantial risk of serious harm.  Plaintiff further states Defendants Deal and Adams should have better trained prison employees and should have hired more employees.  Id.  These allegations are only based on Defendants Deal and Adams' supervisory roles as Warden and Deputy Warden.  These allegations also do not establish the state of mind necessary for a deliberate indifference claim under the Eighth Amendment.

As for Defendants Dasher and Bruce, Plaintiff only alleges these Defendants failed to notice his absence at his job and injuries during dorm rounds.  Id. at 7.  Plaintiff states, "Their lack of carrying out duties in a professional manner show an extreme undertraining and deliberate and reckless indifference."  Id.  Although not formally listed as Defendants, Plaintiff

4

also states, "COII Hamilton [and] COII Ellis all failed to notice my serious injuries during prison rounds and count times." Id. These assertions only allege negligence, and nothing in Plaintiff's Complaint suggests these Defendants had subjective knowledge of a serious risk to his safety. For these reasons, I **RECOMMEND** the Court **DISMISS** all claims against Defendants Deal, Adams, Dasher, and Bruce. I also **RECOMMEND** the Court **DISMISS** all claims against "COII Hamilton" and "COII Ellis" to the extent Plaintiff intends to assert claims against these Defendants.

## II.     Monetary Damages

State officials sued in their official capacity are immune from suit for monetary damages. Arizonans for Official English v. Arizona, 520 U.S. 43, 69 n.24 (1997); Hafer v. Melo, 502 U.S. 21, 27 (1991); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Kentucky v. Graham, 473 U.S. 159, 169 (1985). For this reason, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants sued in their official capacities.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint: all claims against Defendant James Deal; all claims against Defendant Brian Adams; all claims against Defendant Bonnie Dasher; all claims against Defendant Arianna Bruce; all claims against "COII Hamilton" and "COII Ellis"; and all claims for monetary damages against Defendants sued in their official capacity.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual

findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 18th day of November, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA