Case 6:19-cv-00032-JRH-BWC Document 17 Filed 01/06/21 Page 1 of 2

U.S. DISTRICT COURT
AUGUSTA DIV.

2021 JAN -6 P 1: 42

CLERK J. Hodges
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| ABRAHAM JUDAH MYTON, | |
| Plaintiff, | CIVIL ACTION NO.: 6:19-cv-32 |
| v. | |
| LT. TERRY MOYE; and LT. MICHAEL GOYETTE, | |
| Defendants. | |

## ORDER

This matter is before the Court on Plaintiff's "Opposition to Motion to Dismiss." Doc. 16. The Court construes Plaintiff's filing as an Objection to the Magistrate Judge's Report and Recommendation entered on November 18, 2020, doc. 12, and adopted as the Order of this Court on December 21, 2020, doc. 15.[1] For the reasons set forth below, the Court **OVERRULES** Plaintiff's Objection. The Court's December 21, 2020 Order remains the Order of the Court. Doc. 15.

The Magistrate Judge found Plaintiff stated cognizable claims against Defendants Terry Moye and Michael Goette and ordered service of Plaintiff's Complaint against these two Defendants. Docs. 12, 14. Therefore, these claims remain pending. The Magistrate Judge recommended, and the Court dismissed, various other claims. Docs. 12, 15.

Plaintiff Objection is difficult to decipher. It is unclear whether Plaintiff understands some claims remain pending and the Court has directed service of those claims. Plaintiff only recites

---

[1] No objections to the Report and Recommendations were filed within the required time period. Although Plaintiff's instant filing was submitted weeks past the deadline and is captioned as "Opposition to Motion to Dismiss," it invokes 28 U.S.C. § 636, demonstrating Plaintiff intended to object to the Magistrate Judge's Report and Recommendation. The Court construes it as such and considers the substance of the Objection.

general Eighth Amendment legal principles without explaining why the Report and Recommendation is incorrect. Doc. 16 at 1. As the Magistrate Judge stated, Plaintiff does not state sufficient facts in his Complaint to establish Defendants Deal, Adams, Dasher, and Bruce were more than negligent in their alleged failure to protect Plaintiff from an attack. A mere "negligent failure to protect an inmate from attack" is insufficient to impose 42 U.S.C. § 1983 liability on a prison official. Marbury v. Warden, 936 F.3d 1227, 1238 (11th Cir. 2019). Additionally, Plaintiff has not stated plausible claims for monetary damages against Defendants sued in their official capacities. State officials sued in their official capacities are generally immune from suit for monetary damages. Arizonans for Official English v. Arizona, 520 U.S. 43, 69 n.24 (1997); Hafer v. Melo, 502 U.S. 21, 27 (1991); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Kentucky v. Graham, 473 U.S. 159, 169 (1985). Plaintiff does not explain why these two legal principles should not apply to his case. Therefore, even considering Plaintiff's Objection, it does not alter the decision to adopt the Magistrate Judge's Report and Recommendation. Doc. 15. Plaintiff still has not stated cognizable claims against Defendants Deal, Adams, Dasher, and Bruce or claims for monetary damages against any Defendant sued in his official capacity. For these reasons, the Court **OVERRULES** Plaintiff's Objection, doc. 16, and the December 21, 2020 Order remains the Order of the Court.

**SO ORDERED**, this 6th day of January, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA