IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| ABRAHAM JUDAH MYTON, | |
| Plaintiff, | CIVIL ACTION NO.: 6:19-cv-32 |
| v. | |
| LT. TERRY MOYE; and LT. MICHAEL GOETTIE, | |
| Defendants. | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion to Dismiss. Doc. 23. For the reasons discussed below, I **RECOMMEND** the Court **GRANT** Defendants' Motion to Dismiss. Because I have recommended granting Defendants' Motion due to Plaintiff's failure to exhaust administrative remedies, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

**I.      Motion to Dismiss**

In their Motion to Dismiss, Defendants assert Plaintiff did not properly exhaust his administrative remedies before filing suit. Defendants first argue the Court should dismiss Plaintiff's Complaint under step one of Turner v. Burnside, 541 F.3d 1079 (11th Cir. 2008), because Plaintiff recognizes he failed to file his grievance within the 10-day time period identified in the applicable Georgia Department of Corrections' ("GDC") policy. Doc. 23-1 at 6. In the alternative, Defendants argue the Complaint should be dismissed under Turner step two, even if Plaintiff does dispute the date he filed his grievance, because the evidence confirms

Plaintiff did not timely file. Id. Defendants further argue Plaintiff has not asserted sufficient factual allegations to state a claim against them. Id. at 7–11. In response, Plaintiff states he could not file a grievance during the requisite time period because he was seriously injured, was in lockdown in Tier 1, and feared retaliation from gang members. Docs. 32-1, 37.

### A. Standard of Review

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. at 1374 (internal punctuation and citation omitted). A judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the Court. Id. In these instances, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Id. at 1376.

### B. Exhaustion Analysis

#### 1. Legal requirements for exhaustion.

Where Congress explicitly mandates, prisoners seeking relief for constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). Section 1997e(a) of Title 42 of the United States Code states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held exhaustion of available administrative remedies is

mandatory. Porter, 534 U.S. at 523. The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 541 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90–91. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007); see Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005) ("Prisoners must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures before filing a federal claim."); Wright v. Langford, 562 F. App'x 769, 776 (11th Cir. 2014) (finding district court did not err in dismissing plaintiff's claim for failure to exhaust when plaintiff did not file within five-day grievance filing period).

In Turner, 541 F.3d 1079, the Eleventh Circuit Court of Appeals clarified how the lower courts are to examine the issue of exhaustion of administrative remedies. First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, the plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues[.]" Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083. The Eleventh Circuit has held a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See Bryant, 530 F.3d at 1376–77.

### 2. *Grievance procedure.*

Standard Operating Procedure ("SOP") 227.02 states an inmate must file an original grievance "no later than ten (10) Calendar Days from the date the Offender knew, or should have known of the facts giving rise to the grievance." Doc. 23-3 at 8. The SOP then explains, "Grievances filed later than ten (10) days may only be considered upon Good Cause." Id. SOP 227.02 specifies "the Grievance Coordinator may waive the time limit for Good Cause." Id. at 9. The SOP defines "Good Cause" as "[a] legitimate reason involving unusual circumstances that prevented the Offender from timely filing . . . [e]xamples include: serious illness, being housed away from a facility covered by this procedure (such as being out on a court production order or for medical treatment)." Id. at 3. After the inmate receives a response to the grievance or the relevant time has expired, the inmate may then file a Central Office Appeal within seven days. Id. at 12.

### 3. *Assessment of Plaintiff's exhaustion.*

Taking Plaintiff's version of the facts as true, Plaintiff has not properly exhausted under Turner step one. Plaintiff admits he filed his grievance outside of the requisite 10-day window. Doc. 32-1 at 3. The incident occurred on November 14, 2018. Doc. 23-4 at 2. Thus, Plaintiff knew or should have known of the facts giving rise to his grievance on this date, but Plaintiff did not submit a grievance until November 30, 2018. Id. Instead of arguing his grievance was timely, Plaintiff essentially argues he had good cause to file an untimely grievance due to his circumstances at the time. Docs. 32-1, 37. However, Plaintiff did not present any of these arguments to the GDC or request a waiver of the time limit requirement when he filed his grievance. Doc. 23-4 at 2.

4

Even if Plaintiff argued he asserted good cause in his grievance, the Court would still find under Turner step two Plaintiff failed to properly exhaust available administrative remedies. In his grievance submitted on November 30, 2018, Plaintiff only stated he was attacked by other inmates and suffered injuries. Id. Plaintiff did not address the grievance's untimeliness whatsoever. Id. It is undisputed Plaintiff was released from the hospital two days after the incident occurred on November 16, 2018. Doc. 37 at 1. The Grievance Coordinator recognized the hospitalization when rejecting Plaintiff's grievance. Doc. 23-4 at 2. Even accounting for this two-day hospitalization, Plaintiff's grievance was still untimely. Although Plaintiff now asserts he suffered from injuries which impeded his ability to fill out a grievance, could not obtain access to a grievance, and feared gang retaliation once he was discharged, Plaintiff did not mention any of these issues in his original, untimely grievance. Id.; Docs. 32-1, 37.

Nothing in Plaintiff's original grievance would have alerted prison officials, including the Grievance Coordinator, to the fact Plaintiff would be entitled to a good cause waiver. Doc. 23-4 at 2; Doc. 23-3 at 9 (stating only the Grievance Coordinator can grant a good cause waiver). To properly exhaust, Plaintiff must assert good cause during the administrative proceedings before filing a federal civil action. Johnson, 418 F.3d at 1158–59 ("Johnson did not request leave to file an untimely grievance and did not assert good cause for his failure to file a timely grievance before he filed his federal complaint."). The aims of § 1997e(a) are not achieved when prison officials never reviewed the merits of Plaintiff's newly asserted claim for good cause. Id. at 1159. Therefore, Plaintiff has not properly exhausted his administrative remedies, and his Complaint is due to be dismissed. Accordingly, I **RECOMMEND** the Court **GRANT** Defendants' Motion to Dismiss. Because I have found Plaintiff did not exhaust his

administrative remedies, I decline to address whether Plaintiff has asserted sufficient factual allegations to state a claim.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Defendants' Motion and Plaintiff's Response, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

**CONCLUSION**

For the reasons discussed above, I **RECOMMEND** the Court **GRANT** Defendants' Motion to Dismiss. Because I have recommended granting Defendants' Motion due to Plaintiff's failure to exhaust administrative remedies, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint or failed to address an argument raised in a filing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 17th day of September, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA